[No. 12127.  Department One. — January 27, 1888.]

## GEORGE W. BURGESS, RESPONDENT, *v.* CHARLES B. RICE, APPELLANT.

PARTNERSHIP — STOCK-RAISING ON PUBLIC LAND — LEGAL TITLE ACQUIRED BY PARTNER — TRUST. — A member of a partnership engaged in the business of stock-raising upon land belonging to the state, who, during the existence of the partnership, acquires the legal title to the land from the state, does not hold the same in trust for his copartners by reason of the fact that certain improvements had been erected on the land with partnership funds and for partnership purposes.

LANDLORD AND TENANT — TENANT ESTOPPED TO DENY TITLE OF LANDLORD. — A tenant, while in the possession of the demised premises under the lease, is estopped from denying the title of the lessor, or claiming any interest therein adversely to him.

APPEAL from a judgment of the Superior Court of Trinity County.

The facts are stated in the opinion of the court.

*D. G. Reid,* and *Gillett & Johnson,* for Appellant.

*J. W. Turner,* for Respondent.

PATERSON, J.—Ejectment. The property in controversy is described as the east one half of section 16, township 3 south, range 6 east, H. B. and M. The plaintiff, while in the occupation of the lands, on October 15, 1875, filed an application to purchase from the state. In accordance with his application, proof, and payment, a patent was issued to him for the lands in his own name, August 28, 1885. In his answer the defendant denied that the plaintiff was the sole owner of the property; and in his cross-complaint alleged that the land described in the complaint is a part of a tract of land known as the Poison Camp range; that J. C. French, Enos Peabody, and plaintiff, prior to the commencement of this action, formed a partnership for the purpose of raising stock; that these parties built houses, barns, corrals, etc., upon said range, with partnership funds; that afterwards Peabody sold his interest to Burgess and French, and on the 26th of February, 1883, French sold his interest in the range to defendant; that the defendant entered into possession under his deed from French; that there has never been an accounting of the improvements placed upon said range by any of the partners. Defendant, therefore, asked for a decree adjudging that he is the owner of an undivided half-interest in the lands described in the complaint, and that the land be divided between plaintiff and defendant in such manner as may be equitable and just.

It is difficult to perceive upon what theory defendant seeks the equitable relief prayed for, or in what respect the facts stated constitute a defense in an action of ejectment. The ranch referred to was a portion of the public domain of the United States until the land in controversy was patented to the plaintiff. Conceding that there was a partnership, as alleged by the defendant, and that houses, barns, and corrals were built upon said range with partnership funds and for partnership purposes, and that no accounting has been had, these facts

of themselves would not make the plaintiff a trustee with respect to the title acquired from the state. The facts stated in the cross-complaint, if true, may be sufficient to entitle the defendant to an accounting from the plaintiff concerning the partnership funds, stock, and improvements, but can in no way affect the title of the plaintiff to the real estate in controversy.

However this may be, it is sufficient to say that the findings of the court are in favor of the plaintiff upon every material allegation, and that the evidence is ample in support thereof. The evidence shows that the plaintiff filed upon the land in his own name, and paid for the same with his individual funds; that it was the understanding of all the partners that each should secure and own his own land,—the land claimed by him; that the improvements all rested upon the surface of the ground, except the fences (there is nothing to show the character of the improvements upon the land in controversy); that if any portion of the purchase price was partnership funds, it was a loan to plaintiff by the partnership; that the improvements on each claim were to be owned by the claimant, and were not considered as a portion of the partnership assets.

It is a conclusive answer to the claim of the defendant, furthermore, that on the ninth day of March, 1883, he entered under a lease, by the terms of which plaintiff leased and demised unto the defendant "all of his interest in the lands known as the Poison Camp ranch and range." Also, his undivided half of the sheep on said range at "a yearly rent of seventy-five cents per year for each sheep delivered, . . . . said lease for the period of two years from date." The plaintiff testified: "A portion of the premises described in the complaint are the same as those described in the lease,—those 320 acres of land that appeared in the lease. Under the lease, Rice entered into the occupancy of the premises now in controversy. He paid me for the first year's

rent, and for the second he paid me all except $12.75. After the termination of the lease, I served a notice upon Rice to quit and vacate the premises," etc.   The court found the facts above stated to be true,—and the finding is supported by evidence,—and that, at the time of the commencement of this action, the defendant was and still is in the occupancy thereof without the consent of the plaintiff and against his will; and that the defendant, by reason of his leasing the premises from plaintiff, and his occupancy under the lease and payment of rent, was estopped from denying the title of the plaintiff, or claiming any interest in the premises adversely to him.

Judgment affirmed.

McKINSTRY, J., and TEMPLE, J., concurred.