THE FEDERAL LAND BANK · OF BALTIMORE, demandante y apelante, *v.* RAMÓN ECHEANDÍA, demandado y apelado.

No. 6788.—*Sometido:* Febrero 19, 1935. *Resuelto:* Abril 3, 1935.

*Frank Martínez* y *E. Campos del Toro,* abogados del apelante; el apelado no compareció ante la corte inferior ni ante este tribunal.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

The Federal Land Band of Baltimore demandó en desahucio a Ramón Echeandía ante la Corte de Distrito de Arecibo. El demandado fué citado y no compareció pero la corte por su propia iniciativa dictó sentencia declarando sin lugar la demanda por no aducir hechos determinantes de la causa de acción ejercitada. En esta apelación interpuesta por el demandante no ha comparecido el demandado.

El demandante vendió al demandado por documento privado de 29 de junio de 1933 la finca que describe en su demanda por precio de $5,000 de los cuales recibió $250 en efectivo comprometiéndose el comprador a satisfacer los restantes en varios plazos de a $250, pagadero el primero de ellos el 29 de diciembre del mismo año, constituyendo también una hipoteca por veinte años y otra por diez, pagaderas en veinte y diez anualidades, respectivamente. El primer plazo que venció el 29 de diciembre de 1933 no fué pagado por el comprador y el 19 de junio de 1934 fué presentada la demanda de este pleito de desahucio. En ella se alega además

de lo dicho que fué convenido en el contrato de venta que si el comprador dejare de pagar cualquier plazo el vendedor tendría derecho a considerar vencido y pagadero inmediatamente todo el balance del precio de compra no pagado y de proceder al cumplimiento específico del contrato o a cancelarlo o rescindirlo, reteniendo todos los pagos que se hubieren efectuado, de cualquier naturaleza que fueren, en concepto de penalidad como daños y perjuicios liquidados; y que si el vendedor optase por rescindir el contrato, el comprador se comprometía a entregar la posesión de la finca con cualquier mejora que hubiera introducido en ella, incluso nuevas edificaciones, al ser requerido por el vendedor, con renuncia de todo derecho de título y posesión de la propiedad si el vendedor hace uso del derecho de rescindir el contrato. También alega que habiendo dejado de pagar el demandado el plazo de diciembre de 1933, el demandante, acogiéndose a las estipulaciones del contrato, lo declaró rescindido en 16 de mayo de 1934 y requirió al comprador para que entregara la posesión de la finca, a lo que se niega; y que el demandado sigue ocupando la finca sin derecho o título alguno, detentando su posesión y disfrutándola en precario, sin pagar canon de arrendamiento o merced alguna.

Entendió la corte inferior que es a los tribunales a quienes corresponde declarar rescindido el contrato por incumplimiento de sus estipulaciones por alguno de los contratantes.

██ Las estipulaciones del contrato celebrado por las partes en este pleito demuestran que contiene obligaciones recíprocas, consistente la del vendedor en entregar su finca al comprador y la de éste en pagar el precio convenido de la venta satisfaciéndolo en los plazos estipulados. El demandante cumplió su obligación entregando la finca al demandado, pues en posesión de éste se halla, pero, según alega en la demanda, Ramón Echeandía no cumplió la suya por haber dejado de pagar el primero de los plazos que debía satisfacer. En ese contrato se percibe con toda evidencia la naturaleza

de reciprocidad. Con respecto a obligaciones recíprocas dice el Código Civil (edición de 1930) lo siguiente:

"Art. 1077.—La facultad de resolver las obligaciones se entiende implícita en las recíprocas, para el caso de que uno de los obligados no cumpliere lo que le incumbe.

"El perjudicado podrá escoger entre exigir el cumplimiento o la resolución de la obligación, con el resarcimiento de daños y abono de intereses en ambos casos. También podrá pedir la resolución, aun después de haber optado por el cumplimiento, cuando éste resultare imposible.

"El tribunal decretará la resolución que se reclame, a no haber causas justificadas que le autoricen para señalar plazo.

"Esto se entiende sin perjuicio de los derechos de terceros adquirentes, con arreglo a los artículos 1247 y 1250 y las disposiciones de la ley hipotecaria."

En este caso no hay derechos de terceras personas.

No dice ese precepto que el que tiene el derecho a rescindir el contrato tenga que acudir necesariamente a los tribunales para ese fin. Lo que se consigna es que el tribunal decretará la resolución que se reclame, pero no que necesariamente haya que acudirse a él para obtener una declaración de rescisión. El Tribunal Supremo de España en su sentencia de 19 de junio de 1913, 127 Jurisprudencia Civil 835, ha decidido que supuesto el incumplimiento de un contrato resulta manifiesto que, con arreglo al artículo 1124 del Código Civil, que corresponde exactamente a nuestro artículo 1077, se puede dar por rescindido de manera implícita o tácita el contrato sin necesidad de declaración alguna previa de los tribunales. Independientemente de esto resulta que en el presente caso fué convenido expresamente entre las partes contratantes que si el comprador dejare de pagar alguno de los plazos estipulados el vendedor tendría derecho a rescindir el contrato, comprometiéndose el comprador a entregarle la finca que se le vendió, y que el vendedor declaró rescindido el contrato y requirió al demandado para que desalojare dicho inmueble, por lo que aunque no se hubiera dictado la sentencia a que hemos hecho referencia y aunque fuere necesaria

declaración judicial de la rescisión del contrato, tal resolución no sería necesaria dadas las estipulaciones de los contratantes, ya que según el artículo 4 del Código Civil los derechos concedidos por las leyes son renunciables a no ser tal renuncia contra la ley, el interés o el orden público o en perjuicio de tercero. *Nodus et conventio vincunt legem.* En conclusión, el demandante pudo dar y dió por rescindido el contrato sin necesidad de que el tribunal decretase la rescisión del mismo.

■ Si bien es cierto que el demandado entró en la posesión de la finca en virtud de una relación contractual, también lo es que tal relación terminó por voluntad del demandado cuando por haber incumplido sus obligaciones optó el vendedor por dar por rescindido el contrato celebrado entre ellos y haber sido requerido el demandado para que desocupara la finca, como se comprometió a hacerlo para tal caso con renuncia de todo derecho de título o posesión. En consecuencia, desde entonces está el demandado poseyendo la finca sin título alguno, está detentándola. *El Pueblo* v. *Giorgetti,* 46 D.P.R. 61.

Por lo expuesto la demanda aduce hechos determinantes de la causa de acción de desahucio ejercitada por el demandante, por lo que la sentencia apelada *debe ser revocada,* debiendo continuarse los procedimientos en la corte inferior.

El Juez Asociado Sr. Hutchison está conforme con el resultado.