MAYAGÜEZ SHIPPING TERMINAL, INC., Plaintiff and Appellee, v. SALUSTIANO TIRADO, Defendant and Appellant.

No. 8090. Argued January 15, 1940.—Decided February 6, 1940.

Gelpí & Gelpí for appellant. ' J. Alemañy Sosa and Federico Tilén for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The plaintiff and appellee has moved for the dismissal of the appeal, on the ground of its being frivolous, the pur-

pose of the appellant being to delay the execution of the judgment.

The plaintiff alleged and proved that he was the lessee of a parcel of land belonging to The People of Puerto Rico; that while in possession of sad parcel it allowed the defendant to set up within the boundaries of said parcel a kiosk or small structure, built on wheels, without paying lease rent or any other consideration and upon the express condition that the defendant bound himself to remove the kiosk on request from the plaintiff, on fifteen days' notice in advance; that the kiosk was built in accordance with the said agreement; and lastly that the defendant, on being required as agreed upon to remove the kiosk, has refused to do so. The defendant failed to submit evidence and confined himself to the filing of a motion for nonsuit which was overruled.

The appellant has not yet filed a brief, but in his writing in opposition to the dismissal of the appeal he sets up the following defenses:

"1. That the plaintiff corporation failed to show that it was a lessee of The People of Puerto Rico, because the same did not produce a certificate evidencing that the lease contract embodied in the deed submitted in evidence had been approved by the Executive Council of Puerto Rico and, therefore, that the plaintiff was without capacity to sue.

"2. That the lower court was without jurisdiction either of the defendant or of the subject matter of the action.

"3. That the lower court erred in denying the motion for nonsuit."

The frivolity of the above three assignments of error is patent. The defendant, having admitted the possession and the permission granted to him by the plaintiff is estopped from denying the lessor's title. Paragraph 4 of section 463 of the Code of Civil Procedure (1933 ed.). The lack of ratification of the lease by the Executive Council might be alleged by The People of Puerto Rico as ground for the ejectment of the plaintiff corporation. The defend-

ant could not avail himself of such defense to attack the possession of the plaintiff as the lessee of The People of Puerto Rico at the time permission was given to him to build the kiosk. See *Burgess* v. *Rice,* 74 Cal. 590, 16 P. 496.

There is no question whatever that the District Court of Mayagüez had jurisdiction to take cognizance of the case. The relationship between the plaintiff corporation and the defendant was terminated when the former decided to cancel the permission granted to the defendant to place the rolling kiosk within the boundaries of the parcel occupied by the plaintiff as the lessee of The People of Puerto Rico. From the moment the fifteen-day notice for the removal of the kiosk expired the defendant is possessing without title the ground occupied by him, he is unlawfully detaining it. As his possession is at sufferance, the unlawful detainer proceeding in the district court lay. *People* v. *Giorgetti & Co., Ltd.,* 46 P..R.R. 59; *Federal Land Bank* v. *Echeandía,* 48 P.R.R. 311.

For the foregoing reasons the appeal must be dismissed as frivolous.