MAYAGÜEZ SHIPPING TERMINAL, INC., demandante y apelada, *v.* SALUSTIANO TIRADO, demandado y apelante.

Núm. 8090.—*Sometido:* Enero 15, 1940. *Resuelto:* Febrero 6, 1940.

*Gelpí & Gelpí,* abogados del apelante; *J. Alemañy Sosa* y *Federico Tilén,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

La demandante y apelada solicita la desestimación del recurso, alegando como causas la frivolidad del mismo y el propósito del apelante de dilatar la ejecución de la sentencia.

La demandante alegó y probó que es arrendataria de una parcela de terreno perteneciente al Pueblo de Puerto Rico; que encontrándose en posesión de dicha parcela, concedió permiso al demandado para que instalara dentro de los límites de dicho terreno un quiosco o caseta, montado sobre ruedas, sin pagar canon o merced alguna y con la condición expresa de que el demandado quedaba obligado a remover el quiosco, a solicitud de la demandante, mediante aviso de quince días de anticipación a la fecha señalada para retirarlo; que el quiosco fué construído de acuerdo con dicho convenio; y por último, que el demandado, al ser requerido de acuerdo con lo convenido para que retire el quiosco, se ha negado a hacerlo. El demandado se abstuvo de presentar prueba y se limitó a presentar una moción de *nonsuit,* la que fué declarada sin lugar.

El apelante no ha radicado aún su alegato, pero en su escrito de oposición a la desestimación del recurso establece los siguientes puntos:

1. Que la corporación demandante no probó que era arrendataria del Pueblo de Puerto Rico, porque no presentó una certificación acreditativa de que el contrato de arrendamiento contenido en la escritura presentada en evidencia hubiese sido aprobado por el Consejo Ejecutivo de Puerto Rico; y que por tanto la demandante no tenía capacidad para demandar.

2. Que la corte inferior no tenía jurisdicción sobre la persona del demandado ni sobre la materia de la acción.

3. Que la corte inferior cometió error al declarar sin lugar la moción de *nonsuit*.

■■ La frivolidad de los tres alegados errores es patente. El demandado, habiendo aceptado la posesión y el permiso que le diera la demandante, está impedido de negar el título de la arrendadora. Artículo 463, párrafo 4, del Código de Enjuiciamiento Civil (ed. 1933). La falta de ratificación del arrendamiento por el Consejo Ejecutivo podría ser alegada por El Pueblo de Puerto Rico como base para el desahucio de la corporación demandante. El demandado no puede hacer uso de esa defensa en contra de la posesión que como arrendataria del Pueblo de Puerto Rico tenía la demandante en la fecha en que le otorgó permiso para construir el quiosco. Véase: *Burgess* v. *Rice*, 74 Cal. 590, 16 P. 496.

■ No cabe duda alguna de que la Corte de Distrito de Mayagüez tenía jurisdicción para conocer del caso. La relación entre la corporación demandante y el demandado terminó cuando aquélla optó por cancelar el permiso que había otorgado al demandado para estacionar el quiosco rodante dentro de los límites de la finca que poseía como arrendataria del Pueblo de Puerto Rico. Desde el momento en que expiró el plazo de quince días para la remoción del quiosco, el demandado está poseyendo el local que ocupa sin título alguno, está detentándolo. Siendo su posesión precaria, procede el desahucio ante la Corte de Distrito. Véase: *El Pueblo* v. *Giorgetti & Co., Ltd.*, 46 D.P.R. 61; *Federal Land Bank* v. *Echeandía*, 48 D.P.R. 320.

*Por las razones expuestas debe desestimarse por frívolo el recurso.*